LOUISA A. NEWTON vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The peculiar right or interest which an adjoining landowner has in a highway is confined to that portion of the street in front of his premises; and an obstruction or discontinuance of the highway at another place, although it may indirectly affect the value of his property by requiring a longer and more circuitous route to reach it, is not an injury or tort for which the landowner can maintain a private action.

In removing a grade-crossing pursuant to an order of the railroad commissioners made under statutory authority, a railroad company is not acting for its own benefit under its charter privileges, but for

the public good and in obedience to the command of the sovereign power of the State, and is answerable for consequential damages only when and so far as made liable by statute.

Argued October 26th—decided November 28th, 1899,

ACTION to recover damages for injury to and depreciation in the value of land of the plaintiff's testator, caused by the elimination of a grade-crossing, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled (*Elmer, J.*) and the cause was afterwards tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff for $2,200, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The plaintiff is the executrix of Thomas E. Newton, late of the town of Orange. In her complaint she avers that as such executrix she is the owner of a certain piece of land in the borough of West Haven, in said town, bounded east by Union street 207 feet more or less; that said Union street was a highway running substantially north and south, about a mile in length, and was one of the principal thoroughfares in the said borough; that the defendant is a steam railroad corporation operating a line of steam railway running through Connecticut and through the said town, which crosses said Union street at a place about fifty feet south of the plaintiff's land. The complaint then proceeds as follows:

"5. Some time during the year 1894 the defendant closed up said street near the said premises of said Thomas E. Newton, where its railroad crossed said Union street, and diverted the course of said Union street adjoining the premises of the said Thomas E. Newton to the west, alongside and substantially parallel with the defendant's tracks for a distance of about five hundred (500) feet, and then excavated under the railroad tracks of the defendant, and thereby changed the grade of said Union street, and ran said street under said tracks coincident with a certain street in said town of Orange known as Washington avenue, and after passing under said railroad tracks said street ran alongside and substan-

tially parallel to the defendant's tracks, on the south side thereof, for about five hundred (500) feet to the east, and to the original location of said Union street, on the south side of said track.

" 6. Prior to the time when said Union street was closed as aforesaid, the premises of the said Thomas E. Newton had been and at that time were and are improved by two dwelling-houses, barns and other valuable buildings, which had a large rental value, and there were several building lots upon said Union street frontage which were of great value.

" 7. By reason of the said acts of the defendant the access to and egress from the said property was seriously interfered with; said street is no longer a public thoroughfare, or of such convenience to the said property as it was theretofore. The said property was rendered permanently inaccessible and of less value for rental purposes, and was greatly depreciated and damaged because of the said acts of the defendant.

" 8. The said property of the said Thomas E. Newton was rendered permanently of much less value than before said acts of the defendant, and was damaged thereby to the extent of three thousand dollars."

There were various motions and rulings thereon; a demurrer which was overruled, and a substitute answer as follows:—

" 1. As to paragraphs 1, 2, and 6, the defendant has no knowledge or information sufficient to form a belief.   2. The allegation of paragraph 3, that Union street was one of the principal thoroughfares in said borough of West Haven and in said town of Orange, is denied.   As to whether said Union street was a highway the defendant has no sufficient knowledge or information to form a belief.   3.   Paragraph 4 is admitted as to the existence of the defendant corporation and operation of its lines of tracks; and defendant avers that said line of railway is its four-tracked main trunk line between New Haven and New York; but as to the existence of any highway known as Union street at the place where the tracks of the defendant are located, the defendant has no knowledge or information sufficient to form a belief, except

that it is denied that at the time when said railroad was laid out and constructed any highway or other way whatever existed at said place; and it is denied that the defendant's line of railway crosses or is run across any such highway or way. 4. Paragraph 5 is denied, except that at or near the place mentioned in paragraph 4 where Union street, so-called, is alleged to cross the tracks of the defendant at grade, *viz*, fifty feet or more southerly of the premises of said Newton, and southerly of the new street hereinafter referred to running from Union street to Washington avenue, north of defendant's tracks, the defendant, acting under and in pursuance of an order of the board of railroad commissioners of the State of Connecticut, dated the 1st day of February, 1894, made under and by virtue of chapter 220 of the Public Acts of 1889, closed said Union street, so-called, to the public, at a point about     feet from the defendant's line of railway, and prevented access to and travel over its tracks within the lines of Union street, so-called, thereby abolishing a dangerous grade-crossing at said place. And except further, that on or about said day the defendant constructed and opened upon its own land and about     feet from defendant's line of tracks, and wholly at its own expense at grade, a street forty feet in width, running westerly from Union street, so-called, in a straight line to Washington avenue, one of the main thoroughfares of said borough, upon which the station of the defendant is situated, said new street being practically an extension easterly of York street, and being about     feet northerly of defendant's line of railway, said street being immediately southerly of and adjoining the premises of said Newton, without changing the grade of any portion of Union street, or closing or obstructing the same at any point where the land of said Newton abuts upon said Union street, or upon said new street opened by the defendant. And except, further, that under and in pursuance of said order the defendant changed the grade of Washington avenue by lowering the same so that it passes under the tracks of the defendant, at a distance of five hundred feet, more or less, from said Union street, and that the defendant further opened and constructed

a new street southerly of its tracks, and about      feet therefrom, running from Washington avenue to said Union street, so as to connect Wood street with said Washington avenue, said street being practically an extension westerly of Wood street.    5. Paragraph 7 is denied; and it is further averred that access to or egress from said property was in no way or to any degree interfered with as alleged, and that said property was in no degree rendered inaccessible.    6. Paragraph 8 is denied." ·

The plaintiff denied all the new matter in the answer.

There was a trial to the jury and the plaintiff had a verdict for substantial damages.    The defendant appeals.

*Henry Stoddard* and *George D. Watrous*, with whom was *Harry G. Day*, for the appellant (defendant).

*William H. Williams* and *Seymour C. Loomis*, for the appellee (plaintiff).

ANDREWS, C. J.    The plaintiff alleges in her complaint, that as executrix of Thomas E. Newton she is the owner of a tract of land in the town of Orange which abuts on its easterly side a certain highway known as Union street.    It appears in the case that the defendant is a railroad corporation operating a four-track railroad through the said town of Orange and across the said Union street at grade.    Acting in pursuance of an order of the railroad commissioners made for the purpose of removing the said grade-crossing and another like crossing in an adjacent street, the defendant closed a portion of the said street, at a part of it where the land of the plaintiff did not abut, and changed the line of the street so as to enable travelers to pass around the closed portion. The situation can be readily seen from the following diagram, which is taken from the brief of the plaintiff's counsel.

Newton *v.* New York, N. H. & H. R. Co.

That part of Union street from *A* to *B* was closed by the said order of the railroad commissioners, and the grade-crossing at that place was obviated. The new highway from *A* to *C* and from *D* to *B* furnished means of travel. Washington avenue from *C* to *D* was lowered so that the

highway passed under the track. The grade-crossing there was avoided; so two grade-crossings were eliminated.

The plaintiff thus states her cause of action: " By reason of the said acts of the defendant the access to and egress from the said property was seriously interfered with; . . . and the said property was rendered permanently inaccessible and of less value 'for rental purposes, and was greatly depreciated and damaged."

The statement of the case shows, and it is admitted, that nothing was done in that part of Union street where the plaintiff's land abuts. The access to her land in the immediate front is unchanged. It is true that distant travel to her land from the south must take a somewhat longer course. It is found and it is admitted that whatever the defendant did it did pursuant to a lawful order of the railroad commissioners to eliminate the grade-crossing in Union street and a like crossing in Washington avenue.

The defendant made several requests to charge. Of these we have occasion to take note of but two or three. One of these is that " the acts of the defendant in eliminating the grade-crossing in Union street . . . and in closing Union street, away from the land of the plaintiff's testator, done under and pursuant to said order of the railroad commissioners, in themselves furnish no right of action for which damages are recoverable by the plaintiff." Another request was that " depreciation in the value of the plaintiff's land caused or occasioned by the elimination of the grade-crossing in question, is not 'special damage' for which the plaintiff is entitled to recover." The defendant also requested the court to instruct the jury that upon the whole case their verdict should be for the defendant. The court did not charge in accordance with these requests, but, in substance, charged the opposite.

" A highway is nothing but an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right in the public to do all the acts necessary to keep it in repair." *Peck* v. *Smith*, 1 Conn. 103, 132, SWIFT, J. Every landowner whose land

abuts on a highway is supposed to be the owner of the soil to the middle of the highway, in fee, subject to the easement of the public travel, and may do in the highway on his side of the middle line anything which the owner in fee of land may do, if he does not interfere with that easement.    3 Kent's Comm. 432.    Such an abutting landowner has, by reason of that ownership, some privileges in the highway which are not common to the public generally.    " Any occupant of land abutting on a highway may do many things in the highway by reason of such occupancy.    Such an occupant would undoubtedly have the right of free ingress and egress, and for that purpose might grade the surface of the highway, if he did not thereby render the surface unfit for public travel. He might ordinarily construct a sidewalk, set hitching posts, place a stepping-stone to enable passengers to enter, or alight from a carriage more readily, or set out shade trees."    *Fitch* v. *New York, P. & B. R. Co.*, 59 Conn. 414, 420; *Hubbard* v. *Deming*, 21 id. 356, 360; *Cullen* v. *New York, N. H. & H. R. Co.*, 66 id. 211; *Kane* v. *New York E. R. Co.*, 125 N. Y. 164. The abutting landowner may, of course, use the easement of passing and repassing in the highway to the same extent that any individual of the community may; but the privileges just mentioned, which such owner has, are possessed by him as an abutting landowner, and are in addition to the privileges which belong to him as one member of the community.

The plaintiff's land abuts on the highway called Union street.    She has in that highway certain rights in common with all others of the community.    For any injury to these rights she could not bring a private action.    *Clark* v. *Saybrook*, 21 Conn. 313, 327.    She has also the other rights in that highway as an abutting owner which we have mentioned, and which may be spoken of collectively as the easement of access.    It is an easement upon an easement.    The abutting land is the dominant estate, and the land in the highway where the public easement of passing and repassing exists, is the servient estate.    These two uses may well exist together.    This easement of access includes the right of ingress, egress and regress; a right of way from a *locus a quo*

to the *locus ad quem*, and from the latter forth to any other spot to which the party may lawfully go, or back to the *locus a quo*. *Somerset* v. *Great Western Ry. Co.*, 46 L. T. N. S. 883, 884. The character of this easement and the relation of the estates between which it exists, show that it is confined to the street in front of the lot; and that a remote obstruction, if it does not affect the easement of access at that place, is not a legal injury or tort, even though the access be rendered more inconvenient, or a more circuitous route be necessitated; and such we understand to be the law. The cases are very numerous and are substantially unanimous to that effect. *Smith* v. *Boston*, 7 Cush. 254; *Castle* v. *Berkshire*, 11 Gray, 26; *Davis* v. *County Com'rs*, 153 Mass. 218; *Hammond* v. *County Com'rs*, 154 id. 509; *Stanwood* v. *Malden*, 157 id. 17; *Rand* v. *Boston*, 164 id. 354; *Gerhard* v. *Bridge Com'rs*, 15 R. I. 334; *Coster* v. *Mayor*, 43 N. Y. 399, 414; *Fearing* v. *Irwin*, 55 id. 486; *McGee's Appeal*, 114 Pa. St. 470; *Barr* v. *Oskaloosa*, 45 Iowa, 275; *Heller* v. *Atchison, etc., R. Co.*, 28 Kan. 625; *Chicago* v. *Union Bldg. Asso.*, 102 Ill. 379; *Dantzer* v. *Indianapolis Union Ry. Co.*, 141 Ind. 604; *East St. Louis* v. *O'Flynn*, 119 Ill. 200; *Polack* v. *San Francisco Orphan Asylum*, 48 Cal. 490; *Kimball* v. *Homan*, 74 Mich. 699; Dill. on Mun. Corp. (4th ed.) § 666.

It has been said a little above, that for an injury to such rights in Union street as the plaintiff enjoyed in common with the community generally, she could not bring a private action, while for any injury to the easement of access to her land abutting on that highway she might bring such an action. Whether the injury for which the present action is brought is of the former or of the latter kind can perhaps be tested by an example. Let it be supposed that some person other than the defendant had erected a barrier across Union street within a few feet of the railroad track. Travel along Union street would be as effectually stopped by such a barrier as it is by the act of the defendant. But if such a barrier did injury to the plaintiff it would be an injury for which she could not maintain a private action. *Atwood* v. *Partree*, 56 Conn. 80.

Newton *v.* New York, N. H. & H. R. Co.

It seems to this court entirely clear that the facts appearing in this case do not show any right in the plaintiff to recover damages of the defendant.

The plaintiff rested her claim that the defendant was liable to her for the injury she says she has suffered, mainly on the provisions of the defendant's charter as found in 4 Private Laws, p. 1021, §7. We think that claim cannot be sustained. In doing the acts of which the plaintiff complains the defendant was not proceeding under that part of its charter. It was proceeding in obedience to the order of the railroad commissioners to remove a grade-crossing. It was proceeding according to the command of the sovereign power of the State to abate a dangerous nuisance. Public Acts of 1889, Chap. 220; *New York & N. E. R. Co.'s Appeal*, 62 Conn. 527; *New York & N. E. R. Co.* v. *Bristol*, 151 U. S. 556. In the doing of such acts the defendant is liable for consequential damages only so far as the sovereign power makes it liable, that is, only so far as the statute points out. *New Haven Steam Saw Mill Co.* v. *New Haven, ante*, pp. 276, 284. It is not liable to the plaintiff for any of these acts, for the reason that the statute has not made it liable.

The substance of the defendant's requests to charge, hereinbefore quoted, should have been given to the jury.

There are numerous other errors assigned; but the view we have taken of the controlling questions in the case makes it unnecessary to consider any of them.

There is error, the verdict and judgment is set aside and a new trial is granted.

In this opinion the other judges concurred.