### N. HIGHBARGER *et ux.* v. JAMES MILFORD.
No. 14,077.   (80 Pac. 633.)

SYLLABUS BY THE COURT.

1. HIGHWAY—*Right of Ingress and Egress.*   Where one purchases a lot or block of platted land fronting upon a street affording access thereto he obtains, as a part of the valuable rights secured, the right of passage over and along the street fronting such premises for the purpose of ingress and egress.   This is such a right as cannot be taken away from him by the public without compensation.

2. —— *Power of Legislature to Vacate Streets.*   Subject to such private rights, the public, acting through the legislature, may relinquish their right in and to public streets by vacating the same.

3. —— *Extent of Right of Access of Abutting Owner.*   One who purchases a platted parcel of land bounded by a laid-out and dedicated street does not thereby necessarily become vested for all time with the right to travel over and along all of the streets and alleys of such platted parcel of ground, but he does obtain the right to the use of such streets as are reasonably necessary for the enjoyment of the parcel of land so purchased by him.

4. —— *Streets Specified.*   Ordinarily such streets are those that bound the block in which his land is situated, or such as furnish access to the same from either direction.

5. —— *Nature of Damages—Presumption of Law—Right of*

*Injunction.* Where it is attempted to vacate and obstruct a portion of a street upon which a parcel of land is situated, but not abutting, so as to prevent access all around the block, or portion of block, in which such parcel lies, the court will, as a matter of law and without proof of the fact, assume that the owner of such parcel sustains damages by such vacation and obstruction of a different kind than that sustained by the general public, and he may maintain injunction to prevent such vacation and obstruction.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 8, 1905. Modified.

### STATEMENT.

HIGHBARGER and wife brought this suit permanently to enjoin Milford and others from closing, or in any manner obstructing, an alleged street, called Orange avenue, in Spring Grove addition to the city of Wichita. This addition lies north of Thirteenth street, which is an open and generally traveled highway and leads west into the main part of the city of Wichita. On the east of the addition is Hydraulic avenue, a public and well-traveled thoroughfare, extending north and south. The question at issue requires a knowledge of so much of Spring Grove addition as lies between Thirteenth street on the south and Fifteenth street on the north. This, together with the location of the premises of the plaintiffs and defendant Milford, is shown by the diagram herewith.

In 1895 the legislature passed an act undertaking to vacate the land included in Spring Grove addition and all of the streets and alleys therein contained. By reason of the vacation defendant Milford claimed the right to the street theretofore known as Orange avenue south of Highbarger's south line, because he then owned all of the land on both sides of that avenue south of that line; and it was for the special purpose of preventing Milford from closing the street

Highbarger v. Milford.

Fifteenth street.

Orange avenue.

320 feet.

Highbarger's land.

House.     Barn.

350 feet.

Milford's land.

250 feet.

Milford's land.

Fourteenth street.

Portion sought to be opened.

Barn.     House.

Milford's land.

Milford's land.

Hydraulic avenue.

Thirteenth street.

and cultivating this land that Highbarger brought this suit. The land of the other defendants lay north of Fifteenth street, on both sides of Orange street, and therefore for the purposes of this opinion it is not necessary further to consider them as parties.

The petition is in the following language:

"(1) Plaintiffs allege that they are husband and

wife, and, as such, own, reside on and occupy as their homestead, the following premises, to wit: A piece of ground 350 feet wide fronting on Orange avenue in Spring Grove's second addition to the city of Wichita, between Fourteenth street on the south and Fifteenth street on the north, and extending back to Hydraulic avenue on the east, in Sedgwick county, Kansas; that plaintiffs' residence is situated on Orange street, and fronts on said street; that there was at the time plaintiffs placed said residence on said ground, and fronting on said street, and now is, a public street used and occupied as such by the public and by the plaintiffs, called and known as Orange street, running and extending along north and south in front of the aforesaid premises from Thirteenth street on the south to Seventeenth street on the north, and said street had been so used and occupied long prior to the occupancy and the making of the improvements by plaintiffs as aforesaid; that said Orange street, prior to the occupancy and the making of the improvements as aforesaid, had been platted and dedicated to the use of the public by the party platting the same, and was accepted by the public as a public street and highway, and openly and notoriously used and occupied as such; that plaintiffs purchased said grounds and built said residence because of the location of said street as aforesaid; that plaintiffs gained and obtained and now have a vested right in and to said Orange street, and to have the same kept and maintained as a public street or highway along and in front of the said premises, by reason of the purchase, use and occupancy as aforesaid.

"Plaintiffs allege that they have no ingress or egress to and from their said house and residence, except out, over and upon said Orange street, and that unless said street is kept open and maintained as a public street or highway their said premises will have no frontage, and their said residence and the dooryard and lawn in front thereof will front on and open into a corn-field or sunflower patch, and not on a public street, as when they purchased said premises and made the improvements thereon.

" (2) Plaintiffs allege that the defendants, and each of them, have plowed up and cultivated, and are threatening to plow up and cultivate, and render use-

less as a street or highway, said Orange street, and are about to obstruct and destroy the same, and render the same impassable as a public street, and are threatening and are about to plant said street in crops, and otherwise destroy the grade thereof, and convert the same into a crop field, and thereby to render the same wholly useless for the purposes for which it was dedicated, and for which it has been heretofore used by plaintiffs and the public; that thereby the plaintiffs will be irreparably damaged and injured, and that from the very nature of the case, and the character of the injuries so sustained, said damages cannot be estimated in an action at law.

"Wherefore plaintiffs pray the court to grant a temporary injunction, *pendente lite,* restraining and enjoining the defendants, and each of them, from plowing up, obstructing, cultivating or in any manner interfering with said Orange street between Thirteenth street and Seventeenth street, or preventing plaintiffs' free and uninterrupted use thereof, and that upon the final hearing hereof said injunction be made perpetual; and plaintiffs pray for their costs in this behalf, and for such further and other relief that may be just and equitable."

The case was tried upon an agreed statement of facts, which, so far as they are important in this consideration, are as follow:

"(1) That the plaintiffs are the owners of the following-described lands, to wit: Three hundred fifty (350) feet on Orange street in Spring Grove's second addition, immediately south of Fifteenth street in said addition, and running east on the south line of Fifteenth street to Hydraulic avenue.

"(2) That the defendant Milford owns the following-described land, to wit: All the land in Spring Grove's second addition south of Fourteenth street, in said addition, on both sides of Orange street, in said addition, to the south limits of the said addition. Also, said Milford owns the land fronting on Orange street immediately south and adjoining the land on the south belonging to plaintiffs to Fourteenth street, and said Milford also owns the land fronting east on Orange street, immediately west of the land owned by him south of the plaintiffs' land; said Milford be-

ing the owner of the land on both sides of Orange street south of the south line of the plaintiffs' land in Spring Grove's second addition. . . .

"(6) The said land owned by plaintiffs and defendant in this suit was formerly platted as Spring Grove's second addition by James S. Campbell, on the 24th day of August, 1887. . . .

"(8) It is stipulated that Hydraulic avenue, lying on the east of Spring Grove's second addition, and abutting on the east of plaintiffs' land, is a public highway, and section-line highway, and has been used by the public as a public highway, and is intersected by Fourteenth, Fifteenth and Sixteenth streets, if not vacated, and all the other principal streets of the city of Wichita, running east and west; and said Hydraulic avenue, running north and south through Sedgwick county, Kansas, is an avenue, and is a public highway.

"(9) It is stipulated that in 1891, at the time plaintiffs purchased a portion of the land that they now own, fronting on Orange street, there was a house on lot 46, on Orange street, in said Spring Grove's second addition, which said house was situated on the third lot north of Fifteenth street.

"(10) It is stipulated that the plaintiffs have occupied a portion of the land fronting on Orange street owned by them since 1891, and have occupied a house situated on said land, fronting on Orange street, since 1891, and were occupying all said land by them owned at the time of bringing this suit. . . .

"(16) It is further stipulated that Orange street, in front of the plaintiffs' land, has never at any time been obstructed by the said defendant or any one else, and that the defendant has never threatened to obstruct said Orange street, in front of the plaintiffs' property, and that the defendant has no interest in the property south of Fifteenth street, immediately opposite and west of the plaintiffs' land.

"(18) It is further stipulated that the said Fifteenth street, east of Orange street, was cultivated on the north side of the street to near the center of said street by said James S. Campbell or his tenants from 1892 to the present date, and that said Fifteenth street, on the north side of the street, was never used as a public highway. . . .

"(19) It is agreed that the lands in the rear of the plaintiffs' property fronting on Hydraulic avenue were, prior to this suit, used by the plaintiffs for their stables and feed-yards.

"(20) That prior to the plaintiffs' purchase of their lots Orange street, from Thirteenth street to Fifteenth street, had been worked by some one."

Upon this agreed statement of facts the court made the following findings and judgment:

"(1) That the plaintiffs were entitled to means of ingress to, and egress from, their premises on Orange street, south of Fifteenth street and north of the north line of defendant Milford's property, described as set forth in the agreed statement of facts, over the said defendant's land.

"(2) That the plaintiffs were not entitled to have Orange street opened through the defendant Milford's property from the north line of Milford's property to Thirteenth street.

"(3) That the plaintiffs were entitled to a right of way out or through the defendant James Milford's land from the south line of said plaintiff's property east to Hydraulic avenue, and that such right of way should be twenty-five feet in width, and should be from Orange avenue to Hydraulic avenue, through and over said defendant Milford's property, and the same should be opened at both ends continuously at all times, for the use of the said plaintiffs.

"(4) The court finds, as a conclusion of law, that the said right of way should continue for the use of the said plaintiffs until Fifteenth street shall be regularly opened by the proper authorities and established as a public highway from Orange avenue to Hydraulic avenue or from Orange avenue west to some public thoroughfare, or until Orange avenue shall be opened from the south line of plaintiffs' property to Fourteenth street and said Fourteenth street shall be opened from Orange avenue east to Hydraulic avenue, and regularly established as a public highway by the proper authorities, or until Fourteenth street shall be from said point of connection with Orange avenue opened westerly, and established as a public highway and thoroughfare by the regularly constituted authori-

22—71 KAN.

ties, to some regularly established public highway, or until said Orange street shall be opened as a public highway from the point immediately south of the south line of plaintiffs' land to Thirteenth street. The true intent and meaning of this conclusion of law of the court is that the said plaintiffs are entitled to a right of way through defendant Milford's land from Orange avenue to Hydraulic avenue until some other means of ingress to, and egress from, the said plaintiffs' property shall be regularly established by public highway and thoroughfare, connecting said plaintiffs' property with the public highway or thoroughfare, either on the south or on the north.

"It is, therefore, by the court considered, ordered and adjudged that the said defendant, James Milford, within thirty days from this date, proceed to open a right of way, for the use of said plaintiffs, twenty-five feet in width, adjoining plaintiffs' land on the south, from Orange avenue to Hydraulic avenue, and that the same be kept and maintained as a right of way, for the use of plaintiffs, their heirs and assigns, until the establishment of a public highway as hereinbefore set forth in paragraph 4, giving said plaintiffs means of ingress to, and egress from, their said property.

"It is further considered, ordered and adjudged by the court that the prayer of the plaintiffs' petition, and the relief sought, except as above granted, be denied and refused; and it is further adjudged by the court that the said defendant Milford be not enjoined or restrained from plowing up and closing, by cultivation or otherwise, Orange street from the north line of said Milford's property south to said Thirteenh street.

"It is further considered, ordered and adjudged that the said defendant Milford pay the costs of this suit."

This is the judgment that this proceeding is prosecuted to reverse.

*I. P. Campbell & Son,* for plaintiffs in error.

*Kos Harris,* and *V. Harris,* for defendant in error.

Highbarger v. Milford.

The opinion of the court was delivered by

CUNNINGHAM, J.: The plaintiffs' claim is that when they purchased the land that they own fronting on Orange avenue, as a valuable and necessary appurtenant thereto they purchased the right to travel the entire length of that street, for the purpose of ingress to, and egress from, their property; that such right of ingress and egress became a vested one, and could not be taken from them by the legislature without due compensation. The defendant's claim is that the legislature, representing the public, has a right to vacate streets and alleys dedicated to public use, and to abandon the same so far as the public are concerned, and that the plaintiffs could not maintain this suit because it appears that they have suffered no injury other and greater than has the general public.

It must be conceded that when one purchases a lot or block of platted land fronting upon a street affording access thereto he obtains, also, as a part of the valuable rights thus secured, the right of passage over and along the street fronting such premises, for the purpose of ingress thereto and egress therefrom. This right is one that cannot be taken away from him by the public without due and proper compensation. It must be further conceded that, subject to such private rights and their substantial enjoyment, the public, acting through their representative, the legislature, may relinquish their right in and to public streets by vacating the same. So, in this case, we will be enabled to solve the matters of difference by the application to the agreed statement of facts of these fundamental principles.

It seems fairly inferable from those facts that Fourteenth street was a public highway, duly dedicated as such; that it, with Orange avenue on the west, Fifteenth street on the north, and Hydraulic avenue on the east, constituted the highway boundaries of the

block of land in which plaintiffs' land is situated, at the time they purchased their land; and that by means of such streets they were enabled to pass freely in all directions to and from their premises. This was a right in which they had a greater and more vital interest than had the general public, and it seems to us that any curtailment of this right is such a material abridgment of the vested and peculiar interests of the plaintiffs as to be beyond the constitutional power of the legislature.

The defendant contends that as long as that part of Orange street upon which the plaintiffs' premises abut is kept open, and as long as the plaintiffs have a means of ingress and egress by the more generally traveled highway, which it is here found that they have by Hydraulic avenue, they are injured in no peculiar sense by the closing of Orange avenue south of their south line. This claim is too broad. While we do not think that when one purchases a parcel of ground bounded by a laid-out and dedicated street, in a given platted parcel of land, he thereby necessarily becomes vested for all time with the right to travel over and along all of the streets and alleys of such platted parcel of ground, or even all of the streets that it would be convenient for him to use, we do think that he obtains the right to the use of such streets as are reasonably necessary for the enjoyment of the land so purchased by him. These streets are ordinarily such as bound the block in which his land is situated, or such as furnish access to his property from either direction, and there is no reason to limit this ordinary rule in this case. So here, while we do not think that the plaintiffs, under the facts agreed upon, have shown their right to have Orange avenue kept open through its entire length south to Thirteenth street, yet they have a right to have it opened as far as the south line of Fourteenth street, and to have Fourteenth street opened east to Hydraulic avenue. This will give them

reasonably free access to, and egress from, their premises in all directions. To deny them this leaves them in a *cul-de-sac,* so far as a southern exit is concerned. The injustice of this was so apparent to the trial court as to lead it to decree an outlet twenty-five feet wide through defendant's land, along plaintiffs' south line; but this provision was entirely unauthorized and lacks much of being the adequate way furnished by Fourteenth street, which was opened to them at the time they purchased their land.

The judgment of the district court is set aside, and the case remanded with instructions to the district court to enter an order permanently enjoining the defendant in error from closing up or obstructing that portion of Orange avenue north of the south line of Fourteenth street, and also that portion of Fourteenth street east of the west line of Orange avenue.

JOHNSTON, C. J., WILLIAM R. SMITH, GREENE, BURCH, MASON, CLARK A. SMITH, JJ., concurring.

CUNNINGHAM, J. (dissenting): In my judgment the court has gone quite wide of the mark in the foregoing opinion. It must be kept in mind that we have before us nothing more than the pleadings, and agreed statement of facts, upon which to predicate our judgment. I agree to the fundamental propositions of law as announced above, but I claim that the facts as they appear do not show that the plaintiffs have such a special interest as to enable them to maintain this suit; in other words, they have suffered nothing more than the general public. An incidental injury is not sufficient. That they will be unable to reach either Hydraulic avenue or Thirteenth street by going south does not, as a matter of law, prove that they will suffer any special injury.

Were it shown that that portion of Orange avenue upon which their land abuts was sought to be taken, or that they were being deprived of a reasonably con-

venient means of ingress to, and egress from, their premises, then the condition would be different. It would then be shown, as a matter of fact, that they were suffering an injury other and greater than the general public; but such is not the case. The whole case is put in a satisfactory way in sections 877 and 878 of Elliott on Roads and Streets, as follow:

"The legislature, by virtue of its general power over the highways of the state, may, as we have said, undoubtedly order the vacation of such of them as it may deem expedient to vacate, but where the vacation of a highway will cause special injury to an adjoining owner he is entitled to compensation. It is substantially agreed by the courts that the abutter has a private interest in the road or street as such, and if he has this right it is property which cannot be taken from him without compensation. The right to a road or street which the landowner possesses as one of the public is different from that which vests in him as an adjoining proprietor, and it is also distinct and different from his rights as owner of the servient estate. The right which an abutter enjoys as one of the public and in common with other citizens is not property in such a sense as to entitle him to compensation on the discontinuance of the road or street; but with respect to the right which he has in the highway as a means of enjoying the free and convenient use of his abutting property it is radically different, for the right is a special one. If this special right is of value—and it is of value if it increases the worth of his abutting premises—then it is property, no matter whether it be of great or small value. Its value may furnish the standard for measuring the compensation, but it cannot change the nature of the right itself. For this reason, we think that the discontinuance or vacation of a street in such a manner as to prevent access to the property of an adjoining owner is a 'taking' of property within the constitutional inhibition and cannot be lawful without compensation to such owner. This proposition is not without the support of authority as well as reason, although it is true that there are many cases which assert or give countenance to a contrary doctrine. In New York it is held that the legislature may, without making provision for compensation

Highbarger v. Milford.

to adjoining owners, authorize the vacation and closing of one public way to their property, provided another way is left open, but we are unable to perceive any sufficient reason for such a distinction.

"Owners of lands abutting upon neighboring streets, or upon other parts of the same street, are not, however, entitled to damages, notwithstanding the value of their lands may be lessened by its vacation or discontinuance. This rule was applied by the New York court of appeals in a case in which it appeared that the removal of a bridge connecting a pier with the adjoining land made it necessary for the plaintiff, in order to reach his store, to go over another bridge at a much greater distance; and a similar ruling was made by the same court where a street was closed in front of another's property, leaving the complaining party no outlet except a passageway twelve feet wide to another street"

These statements are abundantly sustained by the citation of numerous authorities. In *Davis v. County Commissioners,* 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750, it was held that an injury to real estate by cutting off direct approach thereto in one direction, by discontinuing a highway across a railroad at a point not in front of the premises, even if it is a serious and permanent injury, is one which the owner suffers in common with the rest of the community, although in greater degree, and gives him no individual remedy, either to recover damages or to review the order of discontinuance.

In *McGee's Appeal,* 114 Pa. St. 470, 8 Atl. 237, a portion of a street upon which McGee owned property had been vacated, and he applied for an injunction to restrain the city and the railroad for which the vacation was to be made. The court said:

"Public streets and highways belong to the commonwealth, and when the government sees fit to vacate them the consequential loss, if there be any, must be borne by those who suffer it."

In the case of *Smith v. City of Boston,* 7 Cush. 254, Chief Justice Shaw used the following language:

"Though a man, who lives near it [an obstruction in a highway], and has occasion to pass it daily, suffers a damage altogether greater than one who lives at a distance, he can have no private action, because in its nature it is common and public. . . .

"The damage complained of in this case, though it may be greater in degree, in consequence of the proximity of the petitioner's estate, does not differ in kind from that of any other members of the community who would have had occasion more or less frequently to pass over the discontinued highway. The petitioner has free access to all his lots by public streets. The burden of his complaint, therefore, is, that in going to some of his houses, in some directions, he may be obliged to go somewhat further than he otherwise would. So must the inhabitants of the south end of the city, or the citizens of other towns, with their teams or carriages, who would have had a right to use the discontinued way."

In the case of *Dantzer et al. v. The Indianapolis Union Railway Company,* 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. Rep. 343, it was held that an obstruction of the easement of access need not always be upon the immediate front of the lot whose owner is affected; that if the obstruction, though remote, renders access to the lot impossible, or impairs it in a substantial manner at the point where it abuts upon the street, the property right of the owner is invaded, and he may recover; but his recovery is limited to injury different in kind, and not simply in degree, from that suffered by the community in general; and, further, that mere inconvenience or disadvantage, so long as an obstruction in a street or highway complained of does not, in some substantial degree, impair or deprive the lotowner of the usual and ordinary means of access to his property, does not give a right of action.

In *Stanwood v. Malden,* 157 Mass. 17, 31 N. E. 702,

16 L. R. A. 591, it was contended that the discontinuance of part of a street does not entitle a landowner to any damages if his access to the system of public streets remains substantially unimpaired, although he finds travel less convenient and his shop has suffered by the diversion of travel.

The proposition that, although one public way to property is closed, if there be another left the property-owner sustains no actionable damage, is announced in the following cases: *Coster v. The Mayor of Albany*, 43 N. Y. 399; *Fearing et al. v. Irwin et al.*, 55 N. Y. 486; *Gerhard v. Bridge Commissioners*, 15 R. I. 334, 5 Atl. 199; *Smith v. City of Boston*, 7 Cush. 254; *Kings County Fire Ins. Co. v. Stevens*, 101 N. Y. 411, 5 N. E. 353; *Castle & others v. County of Berkshire*, 11 Gray, 26; *City of East St. Louis v. O'Flynn*, 119 Ill. 200, 10 N. E. 395, 59 Am. Rep. 795; *City of Chicago v. Union Building Ass'n*, 102 id. 379, 40 Am. Rep. 598; *Hier v. N. Y. West ·Shore and Buffalo Ry. Co. et al.*, 109 N. Y. 659, 17 N. E. 867.

In *Kimball v. Homan*, 74 Mich. 699, it was held that the mere fact that by the discontinuance of a street the complainant, instead of being able to reach a certain point by an unbroken, separate line, had to make a short turn and select other roads running in the same direction is not sufficient to entitle him to compensation.

In the case of *In re Melon Street*, 182 Pa. St. 397, 38 Atl. 482, 38 L. R. A. 275, the doctrine was laid down that owners of property abutting on that portion of a street which is not vacated, but which is left in a *cul-de-sac* by vacating another part of the street, are entitled to damages *if the market value of the property is lessened thereby.*

The clear deduction from all these authorities, and many more could be cited, is that some *special* damage must be *shown* in order that a plaintiff may maintain a suit. Here we search the record in vain for any

such showing. It is not found in the agreed statement of facts. It is not even claimed in the petition. For all that appears, plaintiffs' means of access to their premises is for all practical purposes as good as ever. For all that appears, the way out along Fifteenth street or Hydraulic avenue is as good or better than along Orange avenue. For all that appears, the value of their property is not lessened in any degree. For all that appears, their suit to compel the opening of any portion of Orange street may be one simply to annoy and damage Milford rather than to afford any substantial relief to themselves. Should a court of equity listen to an appeal to accomplish such a result? The burden rests upon them to make such a showing as will entitle them to maintain this suit. They have failed either to allege or prove it. They do not pretend that they are in any way specially damaged or seriously inconvenienced. They stand solely upon the naked claim that because Orange avenue was open to Thirteenth street when they purchased their land they have a right to keep it open. This is not enough. Practically the same question is presented in case of an obstruction of a portion of a street by the construction of a railroad. In *K. N. & D. Ry. Co. v. Cuykendall*, 42 Kan. 234, 236, 21 Pac. 1052, 16 Am. St. Rep. 479, this rule was deduced:

"In order to justify a recovery for damages by the abutting lotowner, there must be such a practical obstruction. of the street in front of the lots that the owner is denied ingress to and egress from them."

This rule is gathered from a review of several Kansas cases; among others, the case of *Heller v. A. T. & S. F. Rld. Co.*, 28 Kan. 625, is cited. The doctrine of that case, I think, determines the question in accord with the view I now take.

It is interesting to note that the view taken by the court does not accord with that urged by either party, and evidently is disadvantageous to both plaintiffs and defendant.