### THE PARK CITY YACHT CLUB vs. THE CITY OF BRIDGEPORT.

Third Judicial District, Bridgeport, April Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The charter of the city of Bridgeport provided that the common council might lay out, alter, extend, enlarge or discontinue highways or exchange them for others, that on resolving to make such public improvement it might appoint a committee to make a lay-out and report, and that on the acceptance of such report it should be referred to the board of appraisal of benefits and damages. It further provided that upon the acceptance of the report of this board, the common council should fix the time within which the public improvement should be opened, and at the expiration of that time might pass the necessary orders for the appropriation of the property to public use. It contained a provision also by which any person aggrieved by any act of the board of appraisal or of the common council might make application for relief to the Superior Court which might confirm, annul or modify the assessment or make such order as equity might require. The highway in front of the plaintiff's property consisted in part of a causeway on the other side of which there was open water. The public improvement which was the subject of the litigation consisted primarily of a widening of the highway by extending its limits on the side opposite the plaintiff's property. In carrying the improvement into effect the city discontinued a portion of the causeway and constructed a bridge, within the limits of the highway, but in such manner that there was a strip of water between the causeway and the bridge. The effect of this upon the plaintiff was to render access to his property less direct. The description of the public improvement in the vote establishing it indicated physical changes which would affect the plaintiff's access, although not necessarily

the changes actually made. *Held* that it was error to rule that the court had no jurisdiction to take into account the effect upon the value of the property of a public improvement which contemplated a construction affecting the owner's access to his property, and to decline to consider the evidence as to the effect upon access offered by both sides and admitted without objection.

In assessing special benefits upon the owner of land it must appear that the whole effect of the contemplated improvement is to increase the value of the property, and that result must be reached by weighing the facts tending to show an injury as well as those tending to show special benefits.

Argued April 15th—decided August 3d, 1908.

APPLICATION in the nature of an appeal from an assessment of special benefits on account of the laying out and widening of Stratford Avenue in Bridgeport, taken to and tried by the Superior Court in Fairfield County, *Gager, J.;* facts found and judgment rendered confirming the assessment, and appeal by the landowner. *Error and cause remanded.*

*John W. Banks,* for the appellant (plaintiff).

*James A. Marr,* for the appellee (defendant).

HAMERSLEY, J. Section 42 of the charter of the city of Bridgeport (12 Special Laws, p. 533) authorizes the common council, as they shall deem needful, to lay out new highways, and to alter, extend, or enlarge any highway, and to discontinue or exchange the same for other highways, and to make and cause to be executed all such orders relating thereto as they shall judge proper.

Section 45 of the charter (12 Special Laws, p. 534) requires the common council, before it shall determine to make any such public improvement referred to in § 42, to cause reasonable notice to be given of a meeting of the common council, at which meeting the common council shall hear all parties in interest who may appear and desire to be heard in relation thereto.

Section 46 of the charter (12 Special Laws, p. 534) provides that if, after such hearing, the common council shall resolve to make any such public improvement, they shall appoint a committee, or authorize the board of public works, whose duty it shall be to make a layout of such public improvement, and to report their doings to the common council, which report shall embody a survey and particular description of such public improvement; and if such report shall be accepted and approved by the common council, it shall be referred to the board of appraisal of benefits and damages for action by them.

On September 23d, 1901, a special committee duly appointed to make a layout of the public improvement which is the subject of this proceeding, reported to the common council that they had " laid out, altered, exchanged, discontinued, enlarged " Stratford Avenue from Pequonnock River to Seaview Avenue, in accordance with the particular description, etc., submitted with and made a part of the report; and the common council thereupon accepted and approved said report, and referred the same to the board of appraisal of benefits and damages to estimate damages and benefits resulting from said changes. This action of the common council completed a layout of the public improvement previously resolved upon by the common council, by which Stratford Avenue was altered, exchanged, discontinued and enlarged, as set forth in the report.

Section 47 of the charter (12 Special Laws, p. 534) provides that the board of appraisal of benefits and damages shall have exclusive jurisdiction of appraising, assessing, and apportioning all benefits and damages accruing or resulting to any person from such public improvement mentioned in § 42.

Section 48 of the charter (12 Special Laws, p. 534) provides that said board, at a meeting duly held, " shall ascertain and determine what person or persons will be damaged by such taking of land, or such public improvement, as aforesaid, and the amount thereof over and above any special benefits such person or persons may receive

therefrom ; also what other person or persons will be espe-
cially benefited by such taking of land or public improve-
ment, as aforesaid, and the amount thereof over and above
any damages such person or persons may receive therefrom ;·
also what other person or persons will receive an equal
amount of damages and benefits thereby. But the whole
amount of benefits assessed for any particular public im-
provement shall not exceed the whole amount of damages
assessed on account of the said public improvement"; and
shall report the amounts thus ascertained, and the names
of the persons affected, to the common council.

Section 49 of the charter (12 Special Laws, p. 535)
provides that upon the acceptance of said report by the
common council certain proceedings shall take place, and
that the common council shall fix the time within which
such public improvement shall be opened for the public
use, and at the expiration of the time so fixed may make
and cause to be executed all such orders as they deem
necessary and proper to appropriate the same to the public
purposes for which the same are made.

On January 6th, 1902, the board of appraisal of benefits
and damages reported to the common council, on said
layout, alteration, exchange, etc., of Stratford Avenue, a
statement of damages and benefits to the owners of prop-
erty adjoining said avenue, in which statement said board
estimated and appraised the benefits of the plaintiff, the
Park City Yacht Club, at $138.61. On April 7th, 1902,
the common council adopted said report and confirmed the
assessments therein made.

Section 59 of the charter (12 Special Laws, p. 538)
provides that any person aggrieved by any act of the board
of appraisal of benefits and damages or of the common
council in making assessments as authorized, may, within
thirty days after public notice is given of acceptance by
the common council of the report of said board, make ap-
plication for relief to the Superior Court, and said applica-
tion having been duly made and served, the Superior Court
" may, by committee or otherwise, inquire into the allega-

tions of such application duly made as aforesaid, and may confirm, annul, or modify the said assessments, or make such order in the premises as equity may require, and may allow costs to either or neither party, at its discretion, and said court may inquire into the validity of all of the proceedings upon which said assessment is based."

Within the time limited, the plaintiff made this application to the Superior Court for relief. The application alleges, in substance, that the improvement in question, namely, the layout, alteration, exchange, discontinuance, and enlargement of Stratford Avenue, contemplated such a construction and working of the highway established in place of the one previously existing, that the plaintiff would be largely shut off from free and direct access from its adjoining property to the main traveled path of the highway; also that the improvement thus established does not benefit, but on the contrary injures, the plaintiff's property, and that the assessment of $138.61 made upon the plaintiff is unfair, unreasonable, and therefore illegal. The application prays that said assessment may be set aside and the plaintiff allowed just damages, or other and further relief. The application appears to have been tried to the court upon the denial of these allegations. The judgment finds these issues for the defendant, and adjudges that the assessment of benefits as made be confirmed without costs to either party. This judgment must stand unless the finding for appeal discloses such material error in the decision of questions of law as requires a new trial.

The situation, as disclosed by the evidence and found by the court, appears to be this: At the time of the establishment of the improvement Stratford Avenue, in front and north of the plaintiff's property, had a width of fifty-three feet, and consisted, in part at least, of a causeway, which extended westerly across an arm of Bridgeport harbor, by which causeway access was had to the city proper. North of this causeway there was open water; the south line of the new highway is coincident with the south line of the old highway in front of the plaintiff's

premises, and the north line is one hundred and twenty feet distant therefrom, so that the lines of the new highway included the causeway adjoining the plaintiff's property, and, beyond that, land covered by water. In opening the new highway for public use, the city removed the causeway extending across the arm of the harbor, so that the plaintiff could not get from its premises to the city proper by the causeway, and in place of and north of the old causeway the city built an iron bridge, within the lines of the highway, sixty feet in width, the south line of which bridge, in front of the plaintiff's premises, is several feet north of the north line of the former highway. This bridge constitutes the portion of the new Stratford Avenue used by the traveling public, and is so constructed that a gap of water is left upon its southerly side, so that the plaintiff cannot get access from its property to the bridge, for the purpose of going west, without going some little distance east on a narrow remnant of the old causeway which still adjoins its premises. The changes were made by the city subsequent to the confirmation of the assessment upon the plaintiff.

There is nothing in these facts to indicate error in the judgment. Evidence of them was admitted without objection, and witnesses were introduced by the plaintiff to prove that the effect of a highway thus constructed was to depreciate the value of the plaintiff's property, and witnesses were introduced by the defendant (among whom was a member of the board of appraisal which made the assessment in question) who testified that the effect of a highway thus constructed was a benefit. The court might well find, as appears by its judgment it did find, that the plaintiff had failed to prove its essential allegation, namely, that the assessment upon it was unfair, unreasonable, and therefore illegal. But the trial judge also states in the finding that he ruled and held, as a matter of law, that " the only question open upon this proceeding is the effect of the widening of Stratford Avenue," and that in consequence of this ruling he " did not in fact estimate the effect of said

changes, other than the widening of said highway, upon the value of the appellant's property. For the purposes of this appeal I do find, however, that such changes did have a material effect upon said value." The only reason of appeal assigned by the plaintiff is that the court erred in making this ruling.

It is well settled that in assessing special benefits upon the owner of land adjoining a public improvement, the assessing authority must find that the whole effect of the contemplated improvement is to increase the value of the owner's property, and this result must be reached by weighing the facts tending to show an injury, as well as those tending to show a special benefit. *Nichols* v. *Bridgeport*, 23 Conn. 189, 211 ; *Naugatuck Railroad Co.* v. *Waterbury*, 78 id. 193, 196, 61 Atl. 474 ; *Cook* v. *Ansonia,* 66 Conn. 413, 430, 34 Atl. 183. The public improvement in this case was of a very peculiar nature, and one which the common council thought called for the exercise of all its charter powers in respect to highways. Its main purpose was to open and construct a public street across a sheet of water, and the particular description of the public improvement in the vote establishing it indicates a method of construction necessarily involving an effect upon the plaintiff's property such as that which might follow from the physical changes proved before the trial court ; and we cannot doubt that in such a case the city board of assessment and the Superior Court were bound to consider any injurious effect upon the value of the plaintiff's property which might result from the contemplated, peculiar, construction of the highway, as well as any beneficial effect which might result from other causes, in determining whether or not the whole effect of the improvement was to specially benefit the plaintiff. The finding does not state directly whether or not the court found to be true the allegation of the complaint, that the improvement ordered by the city contemplated a construction such as that proved upon the trial. It would perhaps appear from the memorandum of decision that the fact alleged was a fair inference from the

facts proved. The precise scope of the ruling may not be quite clear, but it seems evident that the court held that it had no jurisdiction under § 59 of the charter, in determining the question of special benefit, to take into account the effect upon the value of the ·plaintiff's property of a public improvement which contemplated and required a construction such as that· actually carried out and proved upon the trial. The provisions of the charter do not so limit the jurisdiction of the court.

The action of the special committee defining the public improvement and making a "layout" of the same as stated in their report to the common council, is, under the charter, the layout of the improvement as stated in the report, and in this case that improvement, as established in front of the plaintiff's premises, was a highway involving an alteration, extension, and practical discontinuance for public use of portions of a previously existing highway; and this improvement is sufficiently referred to in the application as the one which the common council on July 15th, 1901, ordered to be laid out. It would seem from the record that· the board of appraisal in assessing the plaintiff's property as specially benefited by this improvement, took into consideration the possible damage to that property by reason of the peculiar nature of this improvement and the physical changes involved in its construction and necessarily contemplated in its layout, and found that the whole effect of the improvement upon the plaintiff's property was a special benefit. It may be that the trial judge would have reached the same conclusion had he felt at liberty to take into consideration the evidence produced by both parties upon the trial. But that he did not do so is an error, and the terms of the finding compel us to treat it as a harmful error.

There is error, the judgment of the Superior Court is reversed and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.