## MITCHELL B. STOCK
### vs.
## WILLIAM J. COX
(Individually, and as State Highway Commissioner)

Superior Court          Fairfield County          File #55975

MEMORANDUM FILED JULY 20, 1938.

Finkelstone & Finkelstone, of Bridgeport, for the Plaintiff.

Richard F. Corkey, of New London, Assistant Attorney 'General, for the Defendant.

BOOTH, J.    The plaintiff is the owner of a certain tract of land located in the Town of Fairfield consisting of about 32 acres upon which are located two buildings, a small swimming pool, a stream of water and a large number of trees. On June 23, 1938, the defendant, as Highway Commissioner of the State, acting by virtue of various legislative enactments concerning the layout of the so-called Merritt Highway, filed with the clerk of the court for Fairfield County a condemnation certificate as to 9.21 acres of said land in which

damages were assessed at $8,780.67 in favor of the plaintiff. The land described in the above certificate contains the two aforesaid buildings, swimming pool, a portion of the stream and certain trees above referred to. The taking of this portion of the plaintiff's land leaves him two segments separated from each other by the aforesaid taken land; the southerly segment containing about 15 acres and the northerly segment containing about seven acres. The plaintiff claims that the establishment of the highway in the location designated by the aforesaid certificate and maps attached thereto will render both of the remaining segments of his property non-accessible to any highway and that therefore the act of the defendant amounts to a confiscation of the entire tract. He also claims that the legislative enactments concerning the condemnation of land for the Merritt Highway contain no authority to pay for damages resulting from injury to the right of access to adjoining property of an owner and seeks to restrain the defendant from proceeding to take possession of the land condemned.

It did not appear that the defendant in his individual capacity did or threatened to do anything which would cause the plaintiff any damage but that all of the acts complained of were done by the defendant in his representative capacity.

Whether the $8,780.67 assessed as aforesaid in favor of the plaintiff includes an element of damage for the non-accessibility of his remaining land did not appear in evidence, but assuming that it was not included, the fundamental question which the motion presents is whether the plaintiff under the circumstances has or has not an adequate remedy at law. In the opinion of the undersigned he has such a remedy.

The so-called Merritt Highway from Stratford to the New York line, by virtue of chapter 282 of the Public Acts of 1927, was included in the trunk line system of highways. Section 1528 of the General Statutes, Revision of 1930, provides, among other things, that the Highway Commissioner may take any land he may find necessary for the layout of any trunk line highway and provides for the payment to the owner of such land so taken of "all damages . . . resulting from such taking." The procedure for the assessment of such damages is also provided for in the above statute and the payment therefor is provided for in the succeeding section. Section 1531 of the General Statutes, Revision of 1930, provides a right of appeal to any person claimed to be aggrieved by such

assessment and a re-assessment thereof may be had thereunder. These sections appear to apply to the highway in question as the only references therein are to trunk line highways and as previously stated the Merritt Highway is a trunk line highway. It is a general rule of law that the owner can recover damages for a direct injury to his right of access. *Park City Yacht Club vs. Bridgeport,* 85 Conn. 366, 82 Atl. 1035. If, then, as claimed by the plaintiff, the taking of the land described in the condemnation certificate of the defendant in fact renders his remaining land or any portion thereof inaccessible to any highway, he would be entitled to have such element of damage included in his assessment. If such is not included in the present assessment as filed it may properly be urged on the appeal which counsel for the plaintiff conceded is now pending.

In view of the foregoing it is apparent that the plaintiff has no cause of action against the defendant in his individual capacity and that insofar as the cause against him in his representative capacity is concerned the plaintiff has an adequate remedy at law.

For the foregoing reasons the motion for a temporary injunction as made is hereby denied.