Prudden Street, in West Haven, runs north from the Milford Turnpike to Chauncey Street, a distance of about 650 feet. The latter named street extends east and west and runs but a few hundred feet to the east of Prudden Street where its terminus abuts private property. Prudden Street does not cross Chauncey Street.
Each street has been accepted by the town, and each has a total width of fifty feet. On either side of Prudden Street a strip ten feet in width is reserved for sidewalk and grass plot purposes to the curb line, leaving thirty feet of width for vehicular travel. Permanent curbs have not been installed.
The plaintiff owns and occupies the land at the southeast corner of the named streets. The defendants own and occupy land on the north side of Chauncey Street, slightly to the east of the intersection mentioned. On the east side of Prudden Street there is but one dwelling house beside that of the plaintiff. On the other side, there are four dwellings.
For a long time before the fall of 1944, the residents of the neighborhood maintained boxes for sending and receiving mail on the west side of Prudden Street, near the corner of the *Page 361 
turnpike. To better serve their convenience, the residents joined in a petition to the postmaster for rural free delivery service to their homes. After an inspection by representatives of the Post Office Department, the petition was granted, subject, of course, to the rules of the department.
The rules governing the delivery of mail provide (Postal Guide, July, 1943, p. 43): "81. Location of the Boxes of Rural Patrons. It is a requirement of the department that the boxes maintained by patrons of rural routes shall be so placed that they may be conveniently served by the carriers without the need of leaving their conveyances, and that they shall be located on the right-hand side of the road in the direction of travel of the carriers in all cases where the traffic conditions are such that it would be dangerous for the carriers to drive to the left in order to reach the boxes, or their doing so would constitute a violation of the traffic laws and regulations. On new rural routes all boxes shall be located on the right-hand side of the road in the direction of travel of the carrier. Rural carriers have no special rights or privileges in the use of the roads but are amenable to the traffic laws and regulations. The boxes must be placed to conform with the laws of the State or the regulations of the officials having supervision over the highways, and where they will be accessible to the carriers as required by the regulations of the department."
Having this regulation in mind, as well as the fact that his normal route of travel would bring him into Prudden Street from the turnpike and thence north to Chauncey Street and thence west on the latter, the rural carrier serving this neighborhood and to whom the matter of designating the new location of the boxes was referred by his superior, conferred with the residents on the subject, as a result of which the plaintiff's box was placed on the east side of Prudden Street fairly close to the rear entrance to her house. The box of the defendants was placed on the east side of Prudden Street, about twenty feet south of Chauncey Street and about thirty feet north of the plaintiff's box. The posts supporting the boxes are placed within the strip reserved for sidewalk or grass plot purposes, very close to the area used for vehicular traffic, and within the limits of the plaintiff's property.
The latter complains that in erecting, placing and maintaining this box in the present location without her permission, *Page 362 
the defendants have committed a nuisance which will result in irreparable damage to her in the use and disposition of her land, that it may be the cause of frequent suits for damages, and that the defendants may acquire rights by adverse possession. She seeks an injunction requiring the removal of the receptacle.
All of the parties agree that "under the law of this State the owner of land abutting upon a highway is presumed, in the absence of evidence to the contrary, to own the fee of the land to the center of the highway; the highway is but an easement for public travel and such uses as are incident thereto; the abutter retains all rights in the land not incompatible with the public easement; any person making a use of it beyond the scope of that easement commits a wrong against the owner of the fee, unless indeed he acts under legislative authority either in the furtherance of a public use and with compensation made or under a proper exercise by the State of its police power..."State vs. Muolo, 119 Conn. 323, 326. The additional rights enjoyed by such an abutting owner, recognized in the case cited as well as in Newton vs. New York, N.H. H.R. Co.,72 Conn. 420, at page 426, and Knothe vs. Zinzer, 96 id. 709, at page 713, include the right of the plaintiff to maintain her mail box within the highway limits and within the area owned by her.
The question presented here, however, concerns the right of neighbors to maintain a box within the same area. It is a matter of common observation that receptacles for mail are in common use along public highways in rural or sparsely settled sections, and it is equally well known that these boxes serve persons other than those owning land abutting the highway area in which they are located. The frequency with which they may be found would make it appear that such use is an ordinary incident to the easement of public travel which the Supreme Court of Errors recognizes in the excerpt from theMuolo case quoted above. Thus, the answer is that the defendant has the right to maintain the box in its present location as a public use.
There is a broader ground, however, on which the same conclusion may be supported. The Constitution of the United States, in section 8 of article I, authorizes Congress "to establish post offices and post roads", and "to make all laws which shall be necessary and proper for carrying into execution the foregoing powers." The power thus granted is exclusive and *Page 363 
plenary and any action taken which is within the grant is not subject to state control. See Annotation 132 A.L.R. 1401.
Postal laws and regulations specify the size, design and location of mail boxes. Thus, although rural boxes are supplied and maintained by private owners, they become a part of the postal facilities which may not be subjected to control by state courts. See opinion of the United States Attorney General, Dec. 27, 1916, 31 Ops. Atty. Gen. 73. Under the Federal statutes, "all letter-carrier routes established in any city or town for the collection and delivery of mail matters" are post roads (U.S. Code, tit. 39, § 481).
The case of Black vs. City of Berea, 137 Ohio St. 611,32 N.E.2d 1, is helpful in considering this matter. It is the only case found on the general subject by the editor of the annotation mentioned above upon an "extensive search." It holds that any recognition of state highway authorities by the Post Office Department with respect to the location of mail boxes is permissive only; that the location of privately owned boxes is free from municipal authority to remove or reset; and that the maintenance of such a box constitutes a public and not a private use. It is unnecessary here to restate the convincing reasoning of the opinion or to refer to the authorities cited.
The Post Office Department regulations derive their effect from the constitutional grant of power to the Congress and from the congressional delegation of power to the executive departments. Thus, they supersede any state laws affecting matters within the sphere of Federal control. In re Rapier,143 U.S. 110; see opinion of United States Attorney General,supra.
It appears that the defendants located their box at the place designated by the postmaster who had the primary responsibility for its location, and this court is powerless to interfere. The Post Office Department has power to and has provided a procedure for requiring a relocation of a box, and if the plaintiff is to have any relief, it must come from that authority.
The box does not constitute a nuisance; the plaintiff's fears of frequent litigation are not well-founded; and the defendants will acquire no private property rights by adverse possession or use.
 Judgment for the defendants to recover costs.