FELICE MICONE *vs.* THE CITY OF MIDDLETOWN.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 7th—decided March 3d, 1930.

*Cornelius J. Danaher,* for the appellant (plaintiff).

*Leonard O. Ryan,* for the appellee (defendant).

HINMAN, J. The plaintiff owns land with a house thereon on the corner of Portland and Bridge Streets, in Middletown, and for ten years or more has conducted a small store, using the remainder of the house as a dwelling. Prior to the changes complained of in this action Bridge Street was a portion of the main highway between Middletown and points north and east, and a large amount of traffic passed through it. There was a railroad crossing at grade across Bridge Street. In 1925 the Public Utilities Commission ordered the elimination of this crossing and this eventually was accomplished by opening a new street, called Hartford Avenue, passing under the railroad tracks some distance south of the former Bridge Street grade-crossing and of the plaintiff's premises. By reason of this change Bridge Street became a *cul de sac,* because of a high retaining wall for Hartford Avenue, at a point a considerable distance south of the plaintiff's premises, cutting off access from Bridge Street to Hartford Avenue, except by a stairway in the wall. Through traffic now passes along Hartford Avenue instead of Bridge Street, and the only route from plaintiff's premises to the main street of Middletown is by way of Portland Street and St. John's Street instead of by the former shorter alternative course through Bridge Street.

The finding states that no portion of the highway either of Bridge Street or Portland Street abutting the

property of the plaintiff has been vacated, changed or altered, nor has any portion of plaintiff's land been taken, and no change of grade has been made in Portland Street, nor has any portion of it been vacated, nor has any change of grade or vacation been made in Bridge Street adjacent to the plaintiff's premises. The changes complained of have not resulted in closing, obstructing, or impairing the highway adjacent to plaintiff's premises, nor has the grade, character or serviceability of the street at that point been affected. Access to and egress from his land can be freely had on good city streets. The only effects of the changes upon the plaintiff's property consist of the diversion of traffic through Hartford Avenue instead of through Bridge and Portland Streets, and that a somewhat more circuitous route must be taken in approaching or leaving the property.

Since this action was brought and tried, we have had occasion to consider and re-examine the right to recover for injuries by the obstruction or discontinuance of a highway, accruing to the owner of land adjoining a portion of such highway other than that so obstructed or discontinued. *Kachele* v. *Bridgeport Hydraulic Co.*, 109 Conn. 151, 145 Atl. 756. There is no present occasion for further discussion of the legal principles involved in cases of this kind. It was there held (p. 156) that the fact, alone, that access is cut off in one direction, by the closing of a street or highway between a lot and the next intersecting street or road, leaving the lot in a *cul de sac*, is not sufficient to entitle the lot-owner to compensation. It is only in such exceptional instances as in *Park City Yacht Club* v. *Bridgeport*, 85 Conn. 366, 82 Atl. 1035, where the changes made amounted to a practical discontinuance of the highway in front of the plaintiff's premises, that recovery may be had.

An attentive examination of the facts found, illustrated by the maps made part of the record, convinces us that no such exceptional conditions are disclosed by the present case, but that the situation accords, in all essential respects, with that involved in *Warner* v. *New York, N. H. & H. R. Co.,* 86 Conn. 561, 86 Atl. 23. It follows that the principle applicable here, as in that case, the *Kachele* case, and *Newton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 44 Atl. 813, is "that where highway changes result from public improvements, undertaken in the exercise of the reserved governmental powers, . . . [which] occasion a landowner no other damage than to render access to his land more inconvenient than it formerly was, by reason of a more circuitous route being required to be taken, he has no right of action." *Warner* v. *New York, N. H. & H. R. Co., supra,* 564.

This appeal does not involve the further questions, raised by the answer, as to whether the city was the proper party defendant, and as to the effect of assessment of damages accruing to the plaintiff, in the course of the proceedings relating to the elimination of the grade-crossing. If they had been raised by the appeal, consideration of them would not be necessary in view of our conclusion as to the principal issue.

There is no error.

In this opinion the other judges concurred.