TOWN OF WATERFORD ET AL. *v.* CHARLES R. CONE ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued December 7, 1960—decided January 24, 1961

*Edmund W. O'Brien,* for the appellant (named plaintiff).

*Richard F. Corkey,* for the appellees (defendants).

KING, J. In accordance with the provisions of § 13-12 of the General Statutes before it was amended by Public Acts 1959, No. 152, § 35, and No.

674, § 1, the defendants made written complaint to the county commissioners for a hearing and an order compelling the selectmen of Waterford to repair a portion of Pilgrim Road, which the defendants claimed was a public highway. Before the county commissioners, the plaintiff town claimed, inter alia, that the portion of the road in question was not a public road or highway. Had this claim been well founded, the commissioners would have had no power to order its repair, since the statute, in terms, applies only to a public road or highway.

On November 8, 1957, after a hearing, the county commissioners found that the road was a public highway and ordered that on or before May 1, 1958, the plaintiff town make certain designated repairs to it. From this order the plaintiff town and the plaintiff Clark, a resident and taxpayer of Waterford, appealed, by application dated November 21, 1957, to the Superior Court, in accordance with the provisions of § 13-13 of the General Statutes then in effect (subsequently amended by Public Acts 1959, No. 152, § 36). After a hearing, the Superior Court itself found that the roadway in question was a public highway.

In the meantime, on November 19, 1957, the selectmen of Waterford, in writing, discontinued the portion of Pilgrim Road involved in this case. The discontinuance was approved by the town on November 25, 1957. It is obvious that if the discontinuance was effective, the questions involved in this case are moot. Only if the discontinuance was ineffective would there be any occasion for considering the propriety or legality of the order to repair, since it could not be operative as to a discontinued highway. Such a highway would no longer be a public highway. *Benham* v. *Potter*, 52 Conn. 248, 252.

For the reasons set forth in *Cone* v. *Darrow,* decided this day, it cannot yet be determined whether the discontinuance will ultimately be held valid. The Superior Court should have refused to hear or determine the instant appeal from the order of the county commissioners until the validity of the discontinuance had been finally determined. Instead, it heard the case and rendered a judgment which purported to vacate the order to repair, if the discontinuance was finally held to be valid, and modified the order, if the discontinuance was finally held to be invalid.

Under the peculiar circumstances, we have decided to continue the appeal from the judgment of the Superior Court upon our docket until the validity of the discontinuance is finally determined and until further action by the parties. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 486, 196 A. 344.

The cause is continued upon our docket without present decision.

In this opinion the other judges concurred.