CHARLES R. CONE ET AL. *v.* TOWN OF WATERFORD

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 9—decided June 3, 1969

*Donald O'Brien,* for the appellant (defendant).

*Richard F. Corkey,* for the appellees (plaintiffs).

KING, C. J.  The plaintiffs, husband and wife, have owned and occupied since 1938 a tract of land in the town of Waterford on the west side of Pilgrim Road near its northerly end.  A dwelling house on the land burned in 1960 and has not been rebuilt.

The plaintiffs and others, apparently acting under the provisions of § 2127 of the Revision of 1949 (now, in changed form, General Statutes [Rev. to 1966] § 13a-103), sought to compel the town of Waterford to repair a portion of Pilgrim Road extending, in a general northerly direction, for a distance of slightly over one mile from a point opposite the residence of Moses Hirth to a point opposite the dwelling house of the plaintiffs.  On November 8, 1957, after notice and hearing, an order to repair was entered against the town.

On November 19, 1957, the selectmen of Waterford, pursuant to the provisions of Public Acts 1957, No. 13 § 72 (now § 13a-49 of the General Statutes [Rev. to 1966]) discontinued the portion of Pilgrim Road which had been ordered repaired, and on November 25, 1957, at a town meeting duly warned and held, it was voted to approve the action of the selectmen in discontinuing that portion of Pilgrim Road.  Pursuant to the provisions of what are now §§ 13a-49 and 13a-62 of the General Statutes (Rev. to 1966), the plaintiffs appealed from the discontinuance to the Court of Common Pleas, and on

August 22, 1963, the action of discontinuance was affirmed by that court. From that judgment no appeal was taken.[1]

On August 20, 1964, the plaintiffs instituted the present action in the Superior Court, seeking damages for the diminution in value of their property as a result of the valid discontinuance by the defendant of the portion of Pilgrim Road referred to above.

Since the defendant has never complied with the order to repair the road, presumably because of the discontinuance, its condition has remained substantially unchanged up to the date of this action except for some additional growth of bushes along the sides. While no one as yet has placed bars across the road, photographs indicate that, at least in sections, it is barely passable for motor vehicles.

The Superior Court found that Pilgrim Road, prior to its discontinuance by the defendant, was a public highway. The defendant attacks this finding as unsupported and makes this claim one of the three basic issues in its brief. This finding, however, is not subject to correction and must stand.

This leaves but two basic claims in the defendant's brief. The first claim is that the town is immune from suit for damages resulting from a legal discontinuance of a public highway.

Towns, unlike the state, have no sovereign immunity from suit. *Murphy* v. *Ives,* 151 Conn. 259, 264, 196 A.2d 596; *Anselmo* v. *Cox,* 135 Conn. 78, 81, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132,

---

[1] It may be noted, parenthetically, that part of the delay in the disposition of the appeal to the Court of Common Pleas resulted from proceedings in this court as set forth in *Cone* v. *Darrow,* 148 Conn. 109, 167 A.2d 852, and *Waterford* v. *Cone,* 148 Conn. 113, 167 A.2d 854. See also *Waterford* v. *Cone,* 151 Conn. 702, 196 A.2d 767.

93 L. Ed. 405. But where they act in the performance of a governmental duty, they have a limited immunity from liability. See, for instance, cases such as *Pope* v. *New Haven,* 91 Conn. 79, 80, 99 A. 51; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499; *Pluhowsky* v. *New Haven,* 151 Conn. 337, 345, 197 A.2d 645; and *Micone* v. *Middletown,* 110 Conn. 664, 667, 149 A. 408. The right and power to discontinue town roads is given to the selectmen and the town under what is now § 13a-49 of the General Statutes, and the town, in exercising that power, is engaged in the performance of its basic governmental duty to maintain highways. Thus, under ordinary circumstances, the only remedy available to a person aggrieved by a discontinuance is the statutory right of appeal accorded by §§ 13a-49 and 13a-62. There is nothing in either of those statutes or in any other statute which confers any right to recover damages for a discontinuance.

Because of the limited liability imposed on towns for acts performed pursuant to governmental duty, there can be no right to recover damages from a town for the discontinuance of a highway under ordinary circumstances even though the discontinuance renders access to a public highway more inconvenient in that a more circuitous route must be taken in approaching or leaving the property. *Warner* v. *New York, N.H. & H.R. Co.,* 86 Conn. 561, 564, 86 A. 23; see also *Taylor* v. *Cooke,* 113 Conn. 162, 167, 154 A. 349.

But where a town, even though it is carrying out the governmental duty of maintaining highways, discontinues a public highway which, as here, provides the abutting owner with his only practical access to the public highway system, it inflicts on that abutter "a direct injury to his right of access—

one which is special and peculiar to him, differing from a general damage suffered by him in common with the public, not merely in degree, but also in kind." *Park City Yacht Club* v. *Bridgeport,* 85 Conn. 366, 372, 82 A. 1035. For such an injury, he may recover damages either under statutory provisions if available or by constitutional right. Ibid. The defendant's claim to the contrary is without merit.

The defendant's final basic claim is that in any event the Superior Court had no jurisdiction to entertain a separate action for damages caused by the discontinuance but that damages should have been claimed and awarded, if at all, in the appeal from the discontinuance to the Court of Common Pleas. In the first place, as already pointed out, the statute, General Statutes (Rev. to 1966) § 13a-49, authorizing a discontinuance (unlike §§ 13a-52, 13a-54, and 13a-63, for example) makes no provision for the assessment of damages. Furthermore, the right to damages for a discontinuance is a common-law exception to the general rule of nonliability for an act done under a governmental duty and applies only where, as here, there is practically a total and permanent destruction of the abutter's right of access to any public highway, as more particularly explained in cases such as *Park City Yacht Club* v. *Bridgeport,* supra, and *Micone* v. *Middletown,* supra. The court was not in error in awarding damages in this action.

There is no error.

In this opinion the other judges concurred.