**In the Matter of Paul E. D'ORIO, Debtor.**

**Paul E. D'ORIO, Plaintiff,**

v.

**TOWN OF EAST HADDAM, Defendant.**

**Bankruptcy No. 2–85–00327.**
**Adv. No. 2–85–0133.**

United States Bankruptcy Court,
D. Connecticut.

Dec. 6, 1985.

Patrick W. Boatman, Hartford, Conn., for plaintiff.

James D. Reardon, Essex, Conn., for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

This matter arises out of a prepetition complaint brought by Paul E. D'Orio (debtor) against the defendant, Town of East Haddam (Town). The debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 1, 1985. On that date, the debtor's complaint was pending in the Connecticut Superior Court. *Paul D'Orio v. Town of East Haddam,* No. CV-84-0042392S. The debtor, on July 29, 1985, removed his action to this court pursuant to 28 U.S.C. § 1452(a).[1] The Town has not requested that the court abstain from hearing this proceeding,[2] and has joined with the debtor in consenting to the court entering a final judgment.[3] The issue to be decided is whether Conn.Gen.Stat. § 7-101a[4] gives a town employee—the debtor—the right to indemnification for the expenses he incurred in successfully defending a dismissal from office proceeding.[5]

1. 28 U.S.C. § 1452(a):

   A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

2. 28 U.S.C. § 1334(c)(2) provides in part:

   Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

3. This is a proceeding related to the bankruptcy case and thus within the jurisdictional grant of 28 U.S.C. § 1334(b), but it is clear that this matter is not a core proceeding under 28 U.S.C. § 157(b)(2), and a final judgment can be entered by this court only with the consent of all parties. *Id.* § 157(c)(2).

4. Conn.Gen.Stat. § 7-101a provides in part:

   (a) Each town, city, borough, consolidated town and city and consolidated town and borough shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission, or any full-time municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer, or such employee while acting in the discharge of his duties.

   (b) In addition to the protection provided under subsection (a) of this section, each town, city, borough, consolidated town and city and consolidated town and borough shall protect and save harmless any such municipal officer or full-time municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for such act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act.

5. Although the decision here turns on the meaning of a previously unconstrued state statute, this proceeding lacks most of the factors that have traditionally led federal courts *sua sponte* to refer matters within their jurisdiction to state courts. The leading case on discretionary abstention by bankruptcy courts, *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), indicates the following factors to guide a bankruptcy court in deciding whether or not to abstain in favor of state

## II.

The pertinent facts in this proceeding are undisputed. In November, 1982, the debtor was the Town's building official, an appointed position. At that time the Town's first selectman made informal charges against the debtor and requested his resignation. The debtor did not resign, and in March, 1983, the Town started formal proceedings under Conn.Gen.Stat. § 29–260 [6] for the debtor's removal from office for failing to perform his official duties. The grounds for dismissal, in general, were that the debtor improperly administered enforcement of the State building code. The debtor retained counsel to represent him in the dismissal proceeding. The hearing started on March 30, 1983 and concluded June 8, 1983. There were 675 pages of transcript, 368 pages of exhibits, 109 photographs and slides, and counsel for the Town and counsel for the debtor submitted extensive briefs to a three-member panel convened for the hearing. On November 30, 1983, the panel issued a memorandum of decision which concluded that the Town had produced insufficient evidence to support a finding that the debtor failed to perform the duties of his office, and reject-

---

courts: a difficult issue of state law: conflicting interpretations of that law by courts of equal authority; no dispositive statement by the state's high court; and the decision turns on issues traditionally left to the states—in particular, real property law. *But see First National Bank of White River Junction v. Reed,* 306 F.2d 481, 488 (2d Cir.1962) ("The interest of a state in the proper interpretation of its scheme for the regulation of local public utilities is quite as great as that in its land law").

While this proceeding presents an unresolved issue of state law, the other facts present in *Magnolia Petroleum* are absent here. There are no conflicting interpretations of § 7–101a by lower state courts; the statute does not affect real estate, or other matters that courts have considered of great local significance; and most important, a review of the circumstances surrounding the enactment of § 7–101a and related legislation shows that this is not a difficult matter for decision. *See Magnolia Petroleum,* 309 U.S. at 484, 60 S.Ct. at 631 ("the difficulties of determining just what should be the decision under the law of (Illinois) are persuasively indicated by the different results reached by the two Circuit Courts of Appeal"); *First National Bank of White River Junction v. Reed,* 306 F.2d 481, 487 (2d Cir.1962) (court had "no real idea" of how state high court would have ruled on the issue); *Dart & Bogue Co., Inc. v. Slosberg (In re Dart & Bogue Co., Inc.),* 52 B.R. 594, 598–99 (Bankr.D.Conn.1985). *Cf. Marina Management Corp. v. Brewer,* 572 F.2d 43, 46 (2d Cir.), *cert. den.* 439 U.S. 829, 99 S.Ct. 104, 58 L.Ed.2d 123 (1978) (federal court decided previously unresolved issue of Connecticut law that was not sufficiently difficult to warrant remitting those parties to state court).

The parties have requested that this court exercise jurisdiction and render a final decision, and the court will do so.

**6.** Conn.Gen.Stat. § 29–260:

(a) The chief executive officer of any town, city or borough, unless other means are already provided, shall appoint an officer to administer the code for a term of four years and until his successor qualifies and quadrennially thereafter shall so appoint a successor. Such officer shall be known as the building official. Two or more communities may combine in the appointment of a building official for the purpose of enforcing the provisions of the code in the same manner.

(b) Unless otherwise provided by ordinance, charter or special act a local building official who fails to perform the duties of his office may be dismissed by the local appointing authority and another person shall be appointed in his place; provided that prior to such dismissal such local building official shall be given an opportunity to be heard in his own defense at a public hearing in accordance with subsection (c).

(c) No local building official may be dismissed under subsection (b) unless he has been given notice in writing of the specific grounds for such dismissal and an opportunity to be heard in his own defense, personally or by counsel, at a public hearing before the authority having the power of dismissal. Such public hearing shall be held not less than five nor more than ten days after such notice. Any person so dismissed may appeal within thirty days following such dismissal to the superior court for the judicial district in which such town, city or borough is located. Service shall be made as in civil process. Such court shall review the record of such hearing and if it appears that testimony is necessary for an equitable disposition of the appeal, it may take evidence or appoint a referee or a committee to take such evidence as it may direct and report the same to the court with his or its findings of fact, which report shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may affirm the action of such authority or may set the same aside if it finds that such authority acted illegally or abused its discretion.

ed the Town's claim that the debtor be dismissed.

In defending the dismissal proceeding brought against him, the debtor incurred legal fees and litigation expenses totaling $24,736.84. On January 23, 1984, the debtor served on the Town a notice of intention to commence an action under § 7–101a for reimbursement of those expenses. When the Town refused to indemnify the debtor, he commenced the present action on August 17, 1984.

### III.

■ The debtor argues that § 7–101a should be read "as broadly as its framers obviously intended" in order to extend the right of indemnity to "all manner of proceedings brought against municipal employees when they sound in negligence or otherwise." He contends it would be a "hollow victory" for a municipal employee to prevail in an extensive dismissal proceeding based upon an employee's alleged failure to perform his duties, and be left with the kind of debt as here. The Town's principal contention is that the Connecticut legislature intended towns to indemnify their employees only for actions brought by third parties, not actions by the town itself. Neither party has cited any relevant precedent, and the court has found no case law addressing the issue at hand. After reviewing the circumstances preceding the enactment of § 7–101a and related legislation, I conclude that the debtor is not entitled under § 7–101a to recover his costs in defending the dismissal action brought against him by the Town.

Section 7–101a provides that under stated circumstances, a municipality must indemnify an employee for expenses incurred in defending actions brought against the employee. There is no mention in the statute of a suit involving only a municipality and its employee, and the statute's meager legislative history lends no guidance. *See*

14 Conn.S.Proc., Pt. 7, 1971 Sess., p. 3403; 14 Conn.H.R.Proc., Pt. 11, 1971 Sess., p. 4967. One must, therefore, examine the circumstances that brought about enactment of the statute, *Jennings v. Connecticut Light & Power Co.*, 140 Conn. 650, 658, 103 A.2d 535 (1954), and other statutory provisions relating to the same subject matter, *Connecticut Light & Power Co. v. Costle*, 179 Conn. 415, 422, 426 A.2d 1324 (1980), to determine the intent of the legislature.

■ A suit against a municipality is not a suit against a sovereign; the doctrine of sovereign immunity does not apply, and municipalities are not immune from suit. *Murphy v. Ives*, 151 Conn. 259, 264, 196 A.2d 596 (1963). It has long been the rule in Connecticut, however, that municipalities enjoy a common-law immunity from liability for the negligent acts of their employees in the performance of a governmental duty. *Cone v. Waterford*, 158 Conn. 276, 278–79, 259 A.2d 615 (1969). Governmental acts are those performed wholly for the direct benefit of the public. *Richmond v. Norwich*, 96 Conn. 582, 588, 115 A. 11 (1921).[7] Under this doctrine, while municipalities were protected by an immunity, their employees were not. Municipal employees were generally immune only from liability for acts done in good faith in the exercise of a discretional governmental function. "For acts or omissions occurring in the performance of a governmental function, a municipal official will not be held personally liable so long as he acts in good faith, in the exercise of an honest judgment, and not maliciously, wantonly, or in abuse of his discretion." *Sherman-Colonial Realty Corp. v. Goldsmith*, 155 Conn. 175, 185, 230 A.2d 568 (1967). When the governmental function is merely ministerial, that is, performed in a prescribed manner without the exercise of judgment or discretion, a cause of action lies for an individual injured

---

7. In contrast, municipalities have never been immune from liability for an employee's negligent performance of a proprietary act, that is, one engaged in for the profit of the municipal corporation. *Hannon v. Waterbury*, 106 Conn. 13, 16–18, 136 A. 876 (1927).

by a municipal employee's negligent acts against such employee. *Shore v. Stonington*, 187 Conn. 147, 153, 444 A.2d 1379 (1982). As a result, a municipal employee would be liable to a third party injured by the employee's negligent performance of a ministerial act, and the municipality would not be required to indemnify the employee. Although some relief in such situations had been given to town firemen, *see* Conn.Gen. Stat. § 7–308, no protection was available to all municipal employees until the passage in 1957 of Conn.Gen.Stat. § 7–465.[8] The effect of the statute is to require the municipality to absorb liability for damages caused by its employee's negligent performance of a ministerial act. *See* Note, *An Act Concerning Assumption by Municipalities of Liability for Employees*, 32 Conn.B.J. 180 (1958). The legislative history concerning § 7–465 indicates that the statute was intended to protect two classes of persons: municipal employees and board members, who previously had been subject to liabilities incurred in serving their towns; and victims of municipal employee negligence, who were left without a remedy when the only available defendant was a relatively impecunious municipal employee. *See* 7 Conn.S.Proc., Pt. 6, 1957 Sess., pp. 3230–31, 3233, 3241–43; 7 Conn.H.R.Proc., Pt. 4, 1957 Sess., pp. 2214–16, 2220–22, 2225–26.

The discussion of § 7–465 is relevant in that it provides for municipal assumption of liability in the same way that § 7–101a provides for municipal reimbursement of an employee's expenses. There is a presumption that the legislature, in enacting a law, did so in view of relevant statutes and intended the new law to be read with existing statutes so as to make one consistent body of law. *Hurlbut v. Lemelin*, 155 Conn. 68, 74, 230 A.2d 36 (1967).

Section 7–101a was passed fourteen years later than § 7–465, but the two statutes are clearly *in pari materia*. Section 7–101a provides for municipal indemnification of an employee's costs in defending a suit for civil rights infringement or for damage to person or property by alleged negligence if, at the time of the act complained of, the employee was acting in the scope of his employment. Section 7–465 provides for municipal assumption of liability in the same instances. Section 7–101a provides that if a municipal employee is sued for injury caused by alleged wanton or wilful misconduct, the municipality must save the employee harmless for his expenses incurred in defending the suit, *except* that if judgment is entered against the employee for such misconduct, the employ-

---

**8.** The current version of Conn.Gen.Stat. § 7–465 provides in part that:

(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7–308, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such munici-

pality if the employee suffering such injury or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent has a right to a benefits (sic) or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. This section shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough. Any employee of such municipality, although excused from official duty at the time, for the purposes of this section shall be deemed to be acting in the discharge of duty when engaged in the immediate and actual performance of a public duty imposed by law.

ee must reimburse the municipality. Section 7–465, in a similar way, exempts the municipality from liability for damages resulting from an employee's wanton or wilful misconduct. In short, when § 7–101a provides for municipal indemnification of employee expense, § 7–465 provides for municipal absorption of employee liability;[9] when the one statute requires the employee to bear his own expenses, the other requires the employee to bear his own liability.[10]

## IV.

In light of the above discussion of § 7–465, I conclude that § 7–101a was not designed to indemnify municipal employees for expenses in defending dismissal actions brought against them by their employers. The statute was designed only to protect municipal officers and employees who found themselves facing liabilities from which their employers were immune.

"The rule in Connecticut is that absent contractual or statutory authorization, each party must pay its own attorneys' fees." *Gino's Pizza of East Hartford, Inc. v. Kaplan*, 193 Conn. 135, 140, 475 A.2d 305 (1984). Conn.Gen.Stat. § 29–260,[11] providing for dismissal of building officers, contains no such statutory authorization; as shown above, neither does Conn.Gen.Stat. § 7–101a. To interpret § 7–101a as the debtor suggests would extend the statute beyond the purpose it was intended to serve.

This memorandum shall constitute Findings of Fact and Conclusions of Law mandated by Bankruptcy Rule 7052.

**9.** As stated above, there is no legislative history accompanying § 7–101a. Its passage subsequent to that of § 7–465 may have been a response to *Martyn v. Donlin*, 148 Conn. 27, 32, 166 A.2d 856 (1961), in which the Connecticut Supreme Court suggested that

In an action under (§ 7–465), as in the instant case, it may appear that the interests of the municipality and its employee are antagonistic, therefore, they should be represented by separate counsel.

**10.** Further support for the relevance of § 7–465 in interpreting § 7–101a comes from the fact that both statutes were amended by the same bill, 1975 Conn.Acts 75–408 (Reg.Sess.), to cover expenses and liability incurred by municipal employees in suits for alleged infringement of civil rights. *See* Hearing before the Joint Standing Committee on Government and Administrative Policy, Conn.Gen. Assembly, 1975 Sess., pp. 278–79.

