[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE #101
I. FACTS CT Page 3228
This action involves an abutting land-owners' application to the superior court concerning the discontinuance of a public road by a municipality.[1] The plaintiffs, Raymond D. Jurczak and Betty J. Jurczak, own property located along Old Washington Trail, Durham, Connecticut. On October 5, 1992, at a public meeting, the defendants, the Board of Selectmen of the Town of Durham, voted to discontinue a portion of Old Washington Trail which allegedly abuts or adjoins the plaintiffs' property.[2]
On November 24, 1992, the plaintiffs filed the present three count application seeking review of the defendants' decision to discontinue the public road with the superior court, pursuant to General Statutes Sec. 13a-49. In the first and second counts, the plaintiffs allege that the defendants acted illegally in discontinuing the public road. In the third count, the plaintiffs allege that the defendants' discontinuance of the public road denies plaintiffs access to their property which constitutes a taking of property.
On January 13, 1993, the defendants timely filed the present motion to strike the third count and prayer for relief requesting damages contained in the plaintiffs' application with a supporting memorandum of law. The defendants argue that the factual allegations contained in the third count of the plaintiffs' application, which alleges a taking of the plaintiffs' property as a result of the defendants' decision to discontinue the public road, are legally insufficient to support plaintiffs' claim for damages. Further, the defendants argue that the plaintiffs' prayer for relief requesting damages should also be stricken because it is improperly joined with the present application which prohibits any action for damages, pursuant to General Statutes Sec. 13a-49.
On January 27, 1993, the plaintiffs timely filed their memorandum of law in opposition to the defendants' motion to strike the third count and the prayer for relief requesting damages contained in the plaintiffs' application. The plaintiffs argue that the factual allegations of the third count of their application are legally sufficient to support their claim for damages.
On February 2, 1993, the defendants' motion to strike the third count and the prayer for-relief requesting CT Page 3229 damages contained in the plaintiffs application was heard.
II. DISCUSSION
 A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail.
(Citations omitted). Mingachos v. CBS, Inc., 196 Conn. 91,108-109, 491 A.2d 368 (1985). Further, the court must construe the facts alleged in the pleadings, which is the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or . . . the legal sufficiency of any prayer for relief . . ., that party may do so by filing a motion to strike the contested pleading or part thereof."
In the present case, the defendants argue in their motion to strike that the plaintiffs' claim of an unlawful taking of property by the defendants alleged in the third count and the prayer for relief requesting damages contained in plaintiffs' application should be stricken on the ground that the plaintiffs' action for damages is improperly joined with the present application, pursuant to General Statutes Sec. 13a-49.
The procedure of an application to the superior court of a municipality's decision to discontinue a public road is specific, pursuant to General Statutes Secs. 13a-49
and 13a-62. General Statutes Sec. 13a-49 provides that CT Page 3230
 [t]he selectmen of any town may, subject to approval by a majority vote at any regular or special town meeting, by a writing signed by them, discontinue any highway or private way, or land dedicated as such, in its entirety, or may discontinue any portion thereof or any property right of the town or public therein, except when laid out by a court or the general assembly, and except where such highway is within a city, or within a borough having control of highways within its limits. Any person aggrieved may be relieved by application to the superior court, to be made and proceeded within the manner prescribed in section 13a-62. Whenever a petition has been presented to the selectmen for such discontinuance or partial discontinuance of any land dedicated as a highway or private way but which has not been actually used, worked or accepted, as a highway, by the town, and such discontinuance or partial discontinuance has not been made by the selectmen and approved by the town within twelve months after such presentation, any person aggrieved may be relieved by application to said court, to be made and proceeded with in the manner prescribed in section 13a-62.
General Statutes Sec. 13a-62 further provides that
 Any person aggrieved by the doings of the selectmen in laying out a highway may, within eight months after the survey thereof has been accepted by the town, apply to the superior court for the judicial district in which such town is located for relief, causing such selectmen to be cited to show cause why such relief should not be granted. Such application shall be heard and determined by a committee of three disinterested persons to be appointed by the court. If such committee finds CT Page 3231 that such highway is not of common convenience and necessity, said court shall set aside such layout, and, if said court sets aside such layout, the costs shall be paid by the town; but, if such committee finds that such highway is of common convenience and necessity, the application shall be dismissed with costs. The report of such committee may be said aside by the court for any irregularity or improper conduct on its part. Proceedings under this section shall not prevent or delay the opening or occupation of such highway.
A claim for monetary damages in an application from a decision of a board of selectmen to discontinue a public road is not permissible under Connecticut practice. Cone v. Waterford, 158 Conn. 276, 278-80, 259 A.2d 615 (1969); see Totino v. Zoning Board of Appeals, 41 Conn. Sup. 398, 401
(1990, Lewis, J.), citing Willard v. West Hartford, 135 Conn. 303,305, 63 A.2d 847 (1949). The Connecticut Supreme Court in Cone v. Waterford provided that
 [t]he right and power to discontinue town roads is given to the selectmen and the town under what is now Sec. 13a-49 of the General Statutes, and the town, in exercising that power, is engaged in the performance of its basic governmental duty to maintain highways. Thus, under ordinary circumstances, the only remedy available to a person aggrieved by a discontinuance is the statutory right of appeal accorded by sections 13a-49 and 13a-62. There is nothing in either or those statutes or in any other statute which confers any right to recover damages for a discontinuance.
Cone v. Waterford, 158 Conn. 276, 279, 259 A.2d 615 (1969).
However, the court in Cone provided that an aggrieved landowner may be able to recover damages in a separate civil action, apart from the application under General Statutes Sec. 13a-49, if "there is practically a total CT Page 3232 and permanent destruction of the abutter's right of access to any public highway . . ." Id., 280.
III CONCLUSION
For the reasons herein stated, it is concluded that the court ought to and hereby does grant the defendants' motion to strike on the ground that the factual allegations of the third count and the prayer for relief requesting damages contained in the plaintiffs' application seeking review of the discontinuance of a public road by the town board of selectmen are legally insufficient because the plaintiffs' application, pursuant to General Statutes Sec. 13a-49, is an appeal of the municipality's decision to the superior court, which is not a proper proceeding to bring an action for damages.
It is so ordered.
ARENA, J.