[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State of Connecticut has moved for summary judgment on its appeal from the order of John A. Keyes, Judge of Probate, approving the amended final accounting of the administrator of the estate of Anthony Scarpellino. The State objects that the probate judge erroneously approved an accounting in the estate of a decedent who had received State assistance despite the fact that the accounting failed to limit funeral expenses to the amount the State claimed is the statutory allowance and further failed to give the State's claim precedence over certain other claims.
The defendant administrator concedes that there are no genuine issues of material fact and that the propriety of the approval of the accounting is a matter of law. (See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at page 9).
An appeal from probate results in a trial de novo by the Superior Court of the issue decided in the probate court. Prince v. Sheffield, 158 Conn. 276, 293 (1969). Such an appeal "presents for redetermination both the questions of law and the questions of fact which are embraced within the order of decree appealed from." CT Page 939 Miller v. Miller, 158 Conn. 217, 224, citing Stevens' Appeal,157 Conn. 576, 580 (1969); Willard v. McKone, 155 Conn. 413, 416
(1967); Boschen v. Second National Bank, 130 Conn. 501, 503 (1944); Haverin v. Welch, 129 Conn. 309, 315 (1942).
The amended accounting filed by the administrator of the estate on November 24, 1992 reported assets in the amount of $8,827.00. The accounting indicated funeral expenses as follows:
 Iovanne Funeral Home $ 4,037.50 East Lawn Association 750.00 Consiglio's Flower Cart 789.70 ---------- $ 5,577.20
The proposed amended accounting also proposed allowing various probate fees and administrator expenses not contested by the State. Though the administration had allowed a claim by the State in the amount of $6,528.40, for assistance payments made to the decedent during his lifetime, the accounting indicated that the "available balance to pay State of Conn. toward their claim" was $2,247.73.
There is ambiguity in the amounts at issue. In his original proposed accounting, the administrator reported total funeral expenses in the amount of $6,777.20. Though the amount set forth in the amended accounting reduces the amount due to the Iovanne Funeral Home by $1,200.00, the State claims in its brief that it paid $1,200.00 to the funeral home such that $6,777.20 should have been available for other priority expenses and the payment of the State's claim for reimbursement. This claim is not reflected in the reasons for appeal, which state, at paragraph 7, that in the proposed amended final accounting the amount of funeral expenses was reduced from $5,237.50 to $4,037.50 "to reflect the payment of $1,200.00 previously made by the State of Connecticut for decedent's funeral and burial expenses." The court is unable, on the record submitted, to determine if the State paid $1,200.00 in addition to the $5,237.50 billed by the funeral home, such that a total of $6,777.20 is being claimed as having been given a priority in violation of the law, or whether the amount of public assistance benefits claimed to have been paid included $1,200.00 paid to the funeral home.
On December 18, 1992, the probate judge entered an order and decree approving the proposed amended final accounting. CT Page 940
The State claims that the probate court erred in failing to give effect to 17-83g C.G.S. That statute provides that upon the death of a recipient of state assistance, the State's claim for reimbursement "shall have priority over all unsecured claims against such estate, except 1) expenses of last sickness not to exceed three hundred seventy-five dollars, 2) funeral and burial expenses in accordance with section 17-82i C.G.S.; and 3) administrative expenses . . . ." Section 17-82i C.G.S. provides that upon the death of a beneficiary of state aid the commissioners "shall order payment of a sum not to exceed . . . one thousand two hundred dollars for the fiscal year ending June 30, 1989, and subsequent fiscal years, as an allowance toward the funeral and burial expenses of such deceased."
The administrator concedes that his original proposed accounting indicated total funeral expenses of $6,777.20, and that the accounting was amended to reflect the payment of $1,200.00 previously made by the State of Connecticut for the decedent's funeral and burial expenses (Answer, paragraph 7, admitting paragraph 7 of the State's Revised Reasons for Appeal).
The State contends that, as to the estates of recipients of public assistance, only $1,200.00 of funeral expenses maybe given priority over the claim of the State for reimbursement, and that the probate judge erred in failing to give effect to this statutory limitation and instead gave priority to the entire amount of funeral expenses.
The administrator responds that the cited statutes are inapplicable because another statute, 45a-365 C.G.S., is the governing statute concerning priority of claims. That statute provides as follows:
 Claims, expenses and taxes in the settlement of a decedent's estate shall be entitled to preference and payment in the following order of priority: (1) Funeral expenses; 2) expenses of settling the estate; (3) claims due for the last sickness of the decedent; (4) all lawful taxes and all claims due the state of Connecticut and the United States; (5) all claims due any laborer or mechanic for personal wages for labor performed by such laborer or mechanic for the decedent within CT Page 941 three months immediately before the decease of such person; (6) other preferred claims; and (7) all other claims allowed in proportion to their respective amounts.
The administrator contends that the order of priorities set forth in 45a-365 controls, such that all funeral expenses are to be paid before any claim of the State.
Where two statutes appear to be in conflict, courts must endeavor to interpret them in a manner that gives effect and scope to both. Dugas v. Lumbermen's Mut. Cas. Co., 217 Conn. 631, 641
(1991); Windham Taxing Dist. v. Town of Windham, 208 Conn. 543, 553
(1988); In re Juvenile Appeal (85-BC), 195 Conn. 344, 365 (1985); Blue Cross and Blue Shield of Connecticut, Inc. v. Mike, 184 Conn. 352,362 (1981).
In the case before this court, effect can be given to both 17-83g and 45a-365 by recognizing that the former enactment relates to a particular category of estates, that of recipients of public assistance, and establishes different priorities and limitations on those priorities than apply, in general, to estates of persons who have not received such assistance. It is a well-settled principle of statutory construction that specific terms covering particularized circumstances will prevail over general language of the same or another statute. Gaynor v. Union Trust Co., 216 Conn. 458, 477 (19); Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588, 592 (1979).
In State of Connecticut v. Estate of Fernando Pisciotti, Docket No. 0105804, Superior Court, Judicial District of Waterbury (March 27, 1992), Judge Gaffney granted summary judgment in favor of the plaintiff in a probate appeal raising the same issue as is now before this court. Judge Gaffney found that the general provisions of 45a-365 C.G.S. did not supersede the provisions of 17-83g C.G.S., which he found to be applicable to the particularized situation of recipients of public assistance. This court is unconvinced by the administrator's contention that the court erred in Pisciotti, supra, in not regarding 45a-365 as the more specific statute. On its face, that statute applies to estates generally, and unlike 17-83g it is not limited to a particular category of estates.
This court finds that in approving an accounting which failed to recognize the State's payment for funeral expenses to the CT Page 942 statutory limit of $1,200.00 and which allowed payment of funeral expenses in an additional amount, the probate court erroneously failed to give effect to 17-83g and 17-82i C.G.S. By approving payments to the three creditors listed under Funeral Expenses, the Probate Court failed to give effect to 17-83g C.G.S., which limits the priority for funeral expenses of recipients of public assistance to $1,200.00.
As this court has noted above, it is not clear whether the State paid Iovanne Funeral Home $1,200.00 in addition to the $5,237.50 set forth as the amount paid for those services in the first proposed accounting. Since it is the ruling of the court that it was error to approve an accounting that gave priority to more than $1,200.00 of funeral expenses, this issue will necessarily be addressed by the probate court hereafter.
There is no genuine dispute as to material facts, and the issue presented is a legal issue only. The dispute is therefore properly resolved by summary judgment. See Practice Book 384.
The State's motion for summary judgment is granted, and the case is remanded to the probate court for proceedings consistent with this ruling as to, the applicable priorities and limitations funeral expenses.
Beverly J. Hodgson Judge of the Superior Court